**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **CURTIS BEACH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CASE NO.  1:21-cv- 1406** |
| | ) |
| **DONALD BENEDICT,** | ) |
| **DANNY BARRON, and** | ) |
| **AMY MILLER, in their individual** | ) |
| **capacities only,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **THE CITY OF RICHMOND, INDIANA,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Curtis Beach, by counsel, files his Complaint and Demand for Jury Trial against

Defendants Donald Benedict, Danny Barron, and Amy Miller (collectively, "the Officers"), in their

individual capacities only, for depriving and/or conspiring to deprive Plaintiff of rights secured

under the Constitution and laws of the United States under color of state law, pursuant to 42 U.S.C.

§ 1983. Plaintiff also sues the Officers for false arrest/false imprisonment, sues Defendant Benedict

for battery, conversion, and trespass to chattels, under Indiana common law, and sues the City of

Richmond for false arrest/false imprisonment, battery, conversion, and trespass to chattels, under the

doctrine of *respondeat superior* .

**I. Parties, Jurisdiction and Venue**

1.      Plaintiff  Curtis Beach ("Beach"), is a citizen of the United States and, at all times

relevant to this action, resided in Richmond, Indiana, within the geographical boundaries of the

Southern District of Indiana.

2.      Defendant Donald Benedict ("Benedict") was, at all relevant times, a Lieutenant on the Richmond Police Department ("RPD").

3.      Defendant Danny Barron ("Barron") was, at all relevant times, an officer on the RPD.

4.      Defendant Amy Miller ("Miller") was, at all relevant times, an officer on the RPD.

5.      Defendant City of Richmond, Indiana ("City") is a political subdivision of the State of Indiana, and is the ultimate governing authority for the RPD, which employs the Officers.

6.      Plaintiff has complied with the requirements of the Indiana Tort Claims Act, Ind. Code 34-13-3-6, with respect to his state law claims by filing a Notice of Tort Claim with the Richmond City Council, c/o Jamie Lopeman, President, and the Indiana Political Subdivision Risk Management Committee more than ninety days prior to the filing of this action.

7.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), and 42 U.S.C. § 1983. In addition, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      All events giving rise to this action occurred in within the geographic boundaries of the  Southern District of Indiana, making venue proper in this Court.

## II.  Factual Allegations

9.      Beach lives in, and operates a small electrical contracting company in the City.

10.     On August 18, 2017, Beach had legally parked a small camping trailer (which had been converted for use as a supply and tool van for Beach's business) on the 300 block of Southwest C Street, just around the corner from his home on Southwest 4th Street.

11.     On April 20, 2017, in accordance with the City's parking  ordinance, Beach moved his trailer around the block on SW C Street to a position on the same block, but approximately

one-quarter mile from his home on SW 4th Street.

12.    At about 9:00 the following morning (Monday, August 21, 2018), Beach went out to do some work on the trailer.

13.    At one point, Beach left the trailer to call his son-in-law, Christopher "CJ" Gray, Jr. ("Gray").

14.    When Beach returned, he found Benedict, Barron, and Miller standing near the trailer.

15.    Beach had previously been subjected to inappropriate and arguably unlawful attention from Benedict in the past.

16.    Beach greeted the Officers politely, and was surprised when the Officers informed him that they intended to tow the trailer.

17.    Beach asked why, stating that it had been moved within the last 72 hours, as required.

18.    Benedict responded that the trailer was not properly attached to a tow vehicle while parked on the street.

19.    Although Beach tried to explain that he was attempting to repair the trailer's jack stand, after making several more accusations about the alleged "deficiencies" of the trailer, Benedict angrily informed Mr. Beach that he was "gonna tow every damn thing" in the alley behind Mr. Beach's house.

20.    Following a period of conversation, during which the officers became increasingly agitated, while Beach remained calm and polite, Miller told Beach angrily that he needed to "get your shit, and get it moved!"

21.    Miller told Beach that, if he did not move the trailer, he would be arrested.

22.    Beach thereupon hooked up the trailer and began to drive the trailer to a nearby supermarket parking lot while he determined where he could park the trailer.

23.     When Beach parked the tractor in the supermarket lot and got out, he was approached by Barron, and shortly thereafter, by Benedict, who ordered Barron to arrest Beach for Resisting Law Enforcement by Fleeing.

24.     As Barron handcuffed him, Beach informed Benedict that he had recorded the incident on his phone.

25.     Benedict immediately grabbed Beach by the hair and slammed his face into the rear windshield of a police car.

26.     At the same time, Benedict told Beach, "if you put any of that on social media, I'll make your life a living, fucking hell for the rest of your fucking life."

27.     During this time, Beach's wife had arrived at the scene.  She and Beach told Benedict that they had just purchased a home in the country, and were planning to use the trailer to help them move.

28.     Benedict demanded to see the paperwork, and then told Beach that he would be released, if he "erased the recording."

29.     Beach attempted to comply, but was unable to delete the recording.

30.     Thereupon, Benedict grabbed the phone and began to try and erase the recording himself.

31.     When he was unable to do so, Benedict told Beach that "I guess you're going to jail if that thing can't be erased."

32.     Ultimately, Beach was arrested and taken to the Wayne County Jail, where he was charged with Resisting Law Enforcement by Fleeing.

33.     His booking photo was published on-line following his arrest.

34.     Beach filed a Motion to Suppress the evidence in the case, and after a March 5, 2019,

hearing, the Trial Court granted that motion on May 20, 2019.

35.    Ten days later, on May 30, 2019, the Court dismissed the charge against Beach.

36.    As a result of his arrest, and the subsequent publishing of his booking photo, Beach suffered a major loss of business opportunities for his electrical business, including but not limited to loss of a substantial contract with Earlham University.

### III.  Legal Allegations

### A.  Federal Causes of Action

### Count One: Deprivation of Rights Under Color of State Law
### (42 U.S.C. § 1983) by the Officers

37.    Plaintiff restates the allegations in each preceding paragraph as though fully set forth herein.

38.    The Officers had no warrant, and no probable cause to arrest Beach at the time they seized him, nor were the Officers' actions otherwise reasonable, and therefore, the Officers' seizure of Beach was unreasonable.

39.    The Officers deprived Plaintiff of his rights as protected by the United States Constitution and/or the laws of the United States, by unreasonably seizing and arresting the Plaintiff.

40.    The Officers' actions were taken under color of state law, in that, at the time of the actions, the officers were exercising authority conferred on them by the laws of the State of Indiana.

41.    The Officers' actions were intentional, willful, and in reckless disregard for Plaintiff's rights.

42.    As a direct and proximate result of the Officers' unlawful actions, Plaintiff has suffered, and continues to suffer, damages, including but not limited to, loss of business opportunity, emotional distress, humiliation, embarrassment, damage to his personal and business reputation, and legal expenses.

### Count Two: Deprivation of Rights Under Color of State Law
### (42 U.S.C. § 1983) by Benedict (First Amendment)

43.    Plaintiff restates the allegations in each preceding paragraph as though fully set forth herein.

44.    Benedict's threats to Beach that "if you put any of that on social media, I'll make your life a living, fucking hell for the rest of your fucking life[,]" and "I guess you're going to jail if that thing can't be erased[,]" together with Benedict's seizure of Beach's cell phone and Benedict's attempts to delete Beach's recording of the incident, effectively abridged Beach's freedom of speech.

45.    Benedict represented the government at the time of his actions.

46.    Benedict's actions deprived Plaintiff of his rights to freedom of speech, as guaranteed by the First Amendment of the United States Constitution.

47.    Benedict's actions were taken under color of state law, in that, at the time of the actions, Benedict was exercising authority conferred on him by the laws of the State of Indiana.

48.    Benedict's actions were intentional, willful, and in reckless disregard for Plaintiff's rights.

49.    As a direct and proximate result of Benedict's unlawful actions, Plaintiff has suffered, and continues to suffer, damages, including but not limited to, loss of business opportunity, emotional distress, humiliation, embarrassment, damage to his personal and business reputation, and legal expenses.

### Count Three: Deprivation of Rights Under Color of State Law
### (42 U.S.C. § 1983) by Benedict (Unreasonable Seizure)

50.    Plaintiff restates the allegations in each preceding paragraph as though fully set forth herein.

51.    By slamming Beach's head into the windshield of a vehicle, Beach used unreasonable

force in seizing the Plaintiff, thereby depriving Plaintiff of his right to be free from unreasonable seizures, as guaranteed by the Fourth Amendment.

52.   Benedict's actions were taken under color of state law, in that, at the time of the actions, Benedict was exercising authority conferred on him by the laws of the State of Indiana.

53.   Benedict's actions were intentional, willful, and in reckless disregard for Plaintiff's rights.

54.   As a direct and proximate result of Benedict's unlawful actions, Plaintiff has suffered, and continues to suffer, damages, including but not limited to, loss of business opportunity, emotional distress, and legal expenses.

## B.  State Law Causes of Action

### Count Four:  False Arrest/False Imprisonment By the Officers

55.   Plaintiff restates the allegations in each preceding paragraph as though fully set forth herein.

56.   At the time the Officers seized and arrested Beach, they had no warrant, and no probable cause to do so.

57.   Beach did not consent to the arrest.

58.   The Officers' actions unlawfully restrained Beach's freedom of movement, and/ or deprived Beach of his liberty without consent.

59.   The Officers' actions constitute false imprisonment, and/or false arrest.

60.   The Officers' actions were intentional, willful, and/or taken with reckless disregard to Beach's rights.

61.   As a direct and proximate result of the Officers' actions, Beach suffered, and has continued to suffer damages, including, but not limited to, loss of business opportunity,  emotional

distress, humiliation, embarrassment, damage to his personal and business reputation, and legal expenses.

### Count Five:  Malicious Prosecution by Benedict

62.     Plaintiff restates the allegations in each preceding paragraph as though fully set forth herein.

63.     Benedict instituted, or caused to be instituted, legal action against Beach.

64.     In so doing, Benedict acted maliciously.

65.     Benedict had no probable cause to institute the action against Beach.

66.     The action was terminated in Beach's favor.

67.     As a direct and proximate result of the Benedict's actions, Beach suffered, and has continued to suffer damages, including, but not limited to, loss of business opportunity,  emotional distress, humiliation, embarrassment, damage to his personal and business reputation, and legal expenses.

### Count Six:  Battery by Benedict

68.     Plaintiff restates the allegations in each preceding paragraph as though fully set forth herein.

69.     By slamming Plaintiff's head into the windshield of a vehicle, Benedict touched Plaintiff without consent.

70.     Benedict's conduct constituted battery.

71.     Benedict's battery was intentional, willful, and/or was taken with reckless disregard for Plaintiff's rights.

72.     As a direct and proximate result of the Benedict's actions, Beach suffered, and has continued to suffer damages, including, but not limited to, loss of business opportunity,  emotional

distress, humiliation, embarrassment, damage to his personal and business reputation, and legal expenses.

### Count Seven: *Respondeat Superior* Liability Against the City

73.    Plaintiff restates the allegations in each preceding paragraph as though fully set forth herein.

74.    At all relevant times, the Officers were was acting within the scope of their employment by the City, making the City liable for the Officer's actions.

### IV.  Relief Requested

WHEREFORE, Plaintiff Curtis Beach, by counsel, asks the Court to return a verdict in favor, and against the Defendant, on all counts, and to provide the Plaintiff with the following relief:

75.    Order the Defendants, jointly and severally, to pay Plaintiff's actual damages, including but not limited to lost business opportunities and criminal attorney fees;

76.    Order the Defendants, jointly and severally, to pay Plaintiff compensatory damages for the emotional distress, humiliation, embarrassment, and damage to his personal and business reputations caused by Defendants' actions;

77.    Order the Defendants, jointly and severally, to pay Plaintiff punitive damages for their intentional, willful, reckless and malicious actions;

78.    Order the Defendants, jointly and severally, to pay pre- and post-judgment interest on all sums awarded;

79.    Order the Defendants, jointly and severally, to pay Plaintiff's reasonable attorney fees and costs of litigating this action.

80.    Order the Defendants, jointly and severally, to provide any and all other relief to which the Plaintiff may be entitled.

## V.  Demand for Jury Trial

Plaintiff Curtis Beach, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/  Jay Meisenhelder*

Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:      317/231-5193
Direct Telephone:      317/899-9220
Facsimile Number:     317/982-5463
Email Address:          jaym@ecrls.com