UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURTIS BEACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01406-TWP-TAB |
| | ) | |
| DONALD BENNET, DANNY BARRON, and | ) | |
| ANN MILLER, in their individual capacities only, | ) | |
| and the CITY OF RICHMOND, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), filed by Defendants Donald Benedict ("Lt. Benedict"), Danny Barron ("Officer Barron"), and Ami Miller ("Officer Miller"), in their individual capacities only, and the City of Richmond, Indiana ("the City") (collectively, "Defendants"). (Filing No. 27.)  Plaintiff, Curtis Beach ("Mr. Beach"), seeks redress for violations under 42 USC § 1983 arising from his August 2017 arrest and subsequent prosecution. (Filing No. 26.)  He also raises a state law cause of action for malicious prosecution against the officers and for *respondeat superior* against the City based on the officers' actions.  *Id.*  For the reasons stated below, Defendants' Motion to Dismiss is **granted**.

## I.  BACKGROUND

As the rules require, in evaluating the sufficiency of the complaint, the court accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor.  *See Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).  Lt. Benedict was, at all relevant times, a Lieutenant on the Richmond, Indiana Police Department ("RPD"), and Officer Barron and Officer Miller were RPD

police officers.   Mr. Beach lives in and operates a small electrical company in the City. (Filing No. 26 at 1.)   In August 2017, Mr. Beach was arrested without probable cause following an incident related to the towing of his trailer.   As a direct and proximate result of the officers' unreasonable seizure, a criminal prosecution was commenced against Mr. Beach, which was concluded in his favor when the state court dismissed the charges pending against him on May 30, 2019.   *Id.* at 5.   As a result of his arrest, and the subsequent publishing of his booking photograph, Mr. Beach suffered a major loss of his business opportunities for his electrical business, including the loss of a substantial contract with Earlham University.   *Id.*   On May 28, 2021, Mr. Beach filed this action. (Filing No. 1.)   His Amended Complaint asserts three claims against the Defendants: Count One is a claim for deprivation of rights under color of state law (42 U.S.C. § 1983) by the officers; Count Two is a claim for malicious prosecution by the officers; and Count Seven [sic] is a claim for *respondeat superior* liability against the City.   (Filing No. 26 at 5-6.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.   *Bielanski*, 550 F.3d at 633.   However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact."   *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to

2

raise a right to relief above the speculative level."   550 U.S. 544, 555 (2007).   Although "detailed

factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of

the elements of a cause of action" are insufficient.   *Id.*   The complaint must include "enough facts

to state a claim to relief that is plausible on its face."   *Hecker v. Deere & Co.*, 556 F.3d 575, 580

(7th Cir. 2009) (citation and quotation marks omitted).   To be facially plausible, the complaint

must allow "the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

556).

## III.  DISCUSSION

To survive dismissal the Amended Complaint must contain sufficient factual matter,

accepted as true, to state a claim for relief that is plausible on its face.   Defendants contend that

Mr. Beach's § 1983 federal claim and his claim against the City lack are barred by a two (2) year

statute of limitations and therefore lack subject matter jurisdiction pursuant to Rule 12(b)(6).

They argue the Court should decline pendent jurisdiction over the state law malicious prosecution

claim.

Defendants filed their Motion to Dismiss on November 11, 2021 and to date, Mr. Beach

has not responded to (or requested an extension of time to respond to) the Defendants' Motion to

Dismiss.   The result of his failure to respond is his apparent concession to Defendants' arguments

in their Motion to Dismiss. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)

("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a

concession); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010)

("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes

those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same).   Relying on Mr. Beach concessions, dismissal of his claims against the Defendants is warranted.   But as addressed below, even if Mr. Beach had not conceded to Defendants' contentions dismissal is warranted on the merits, because the Amended Complaint fails to state a claim upon which relief can be granted.

**A.**   **Count One: Deprivation of Rights Under Color of State Law (42 U.S.C. § 1983)**

The Defendants argue that Mr. Beach's federal claim is barred by a two (2) year statute of limitations and therefore, must be dismissed.   Mr. Beach's arrest on the morning of August 21, 2017, occurred more than three (3) years prior to the filing of his original Complaint.   Defendants argue as follows:

> Under the terms of *Wilson v. Garcia*, 471 U.S. 261 (1985), if there is no federal statute of limitation then the most closely analogous state statute of limitation is borrowed. For civil rights actions filed and arising in Indiana, the applicable period which is borrowed is the two-year limitation for personal injuries under Ind. Code § 34-11-2-4; *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985). In Indiana, a claim for injuries to a person must be filed within two (2) years after the cause of action accrues. Indiana Code §34-11-2-4.   *See also*, *Allen v. State of Indiana, et al.,* 30 N.E.3d 1280 (Ind. App. 2015); *Porter County Sheriff Department v. Guzorek*, 857 N.E.2d 363 (Ind. 2006). Unlike a claim's limitation period, the time at which a Section 1983 action accrues is governed by federal common law. *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001). A Section 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the plaintiff's action. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). Here, Plaintiff was arrested on August 21, 2017. Thus, he was aware of his alleged constitutional deprivation by the Defendant officers as of that date. Nonetheless, more than three years expired before the Plaintiff sought to bring these claims against Donald Benedict, Danny Barron, Ami Miller, and the City of Richmond, Indiana for their alleged actions on August 21, 2017.

(Filing No. 28 at 2-3).

The Defendants' argument is persuasive.   Mr. Beach does not dispute that he was aware of the alleged constitutional violation in August 2017.   In fact, he alleges in his Amended Complaint that "[t]he officers deprived Plaintiff of his rights protected by the United States Constitution and/or laws of the United States, by unreasonably seizing and arresting the Plaintiff, thereby causing him to be maliciously prosecuted."   (Filing No. 26 at 5.)   Mr. Beach's federal claim is subject to dismissal because it is untimely.   His § 1983 claim asserting that the officers acted unconstitutionally towards him on August 21, 2017—the date of his seizure and arrest—is therefore barred by the two (2) year statute of limitations and Count One must be **dismissed**.

**B.**     **State Law Claims-Counts Two and Seven (sic)**

Concerning Count Seven—*respondeat superior* liability against the City, Mr. Beach alleges in his Amended Complaint "[a]t all relevant times, the Officers were acting within the scope of their employment by the City, making the City liable for the Officer's [sic] actions." (Filing No. 26 at 6.)   Defendants argue that because Mr. Beach was aware of the officers' deprivations against him on August 21, 2017—more than three years before he brought his claim against the City for alleged actions by the officers—this claim should also be dismissed as untimely filed.   Mr. Beach does not dispute that this claim was filed untimely.   The claim against the City for *respondeat superior* is also barred by the two (2) year statute of limitations and Count Seven [sic] must be **dismissed**.

The sole claim not subject to dismissal under the statute of limitations is Count Two: the state law claim for malicious prosecution by the officers.   Mr. Beach's state law claim for malicious prosecution is not time-barred because a claim for malicious prosecution accrues on the

day the plaintiff prevailed over the criminal charges. *Livingston v. Consolidated City of Indianapolis*, 398 N.E. 2d 1302, 1304 (Ind. App. 1979); *Garnelis v. Ind. State Dept. of Health*, 806 N.E. 2d 365 (Ind. App. 2004).   The period of limitations for refiling a state claim after it has been dismissed in federal court is "for a period of 30 days after it is dismissed, unless State law provides for a longer tolling period."   *See Artis v. D.C.*, 138 S. Ct. 594, 595–96, 199 L. Ed. 2d 473 (2018). Mr. Beach's criminal case was dismissed on May 30, 2019, therefore, the statute of limitations on this state law claim is currently tolled as of the date the Complaint was filed (May 28, 2019).

With the federal claim having been dismissed, the Court must determine whether it should accept supplemental jurisdiction over the remaining state law claim.   The Seventh Circuit has stated consistently that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."   *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided."   *Davis v. Cook Cnty*., 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Companies Inc*., 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

The Court is persuaded that the considerations for exercising supplemental jurisdiction over Mr. Beach's state law claims is not met.   Mr. Beach's malicious prosecution claim was timely filed and he would not be prejudiced should this Court decline supplemental jurisdiction because

he will have the remainder of the two year statutory period, plus thirty (30) days, to refile his malicious prosecution claim in state court if he does so promptly.   Substantial judicial resources have not been expended and it is not clear how the pendent claim will be decided.   The Court determines the pendent state-law claim should be decided in state court.   Accordingly, the claim for malicious prosecution is **dismissed without prejudice**, so that Mr. Beach may refile it in state court.

### IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Filing No. 26) is **GRANTED**.   Count One and Count Seven [sic] are **dismissed with prejudice**, because it would be futile to file a Second Amended Complaint concerning these claims.   Count Two, the state law claim for malicious prosecution, is **dismissed without prejudice**.

**SO ORDERED.**

Date:   2/11/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT &
   CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

Caren L. Pollack
POLLACK LAW FIRM P.C.
cpollack@pollacklawpc.com